United States District Court
Southern District of Texas
**ENTERED**
May 24, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE INTRACOASTAL TUG AND BARGE § <br> COMPANY, LLC, AS OWNER OF THE § <br> T/V DMO READY, FOR EXONERATION § <br> FROM OR LIMITATION OF LIABILITY § | CIVIL ACTION NO. H-20-3152 |

## **MEMORANDUM AND RECOMMENDATION**

Pending in this Limitation of Liability case that has been referred to the undersigned Magistrate Judge for all pretrial proceedings is Petitioner Intracoastal Tug and Barge Company, LLC's "Motion for Entry of Default as to All Claimants that Failed to File a Claim by the November 14, 2020 Default Date" (Document No. 16). In that motion, Petitioner seeks a default against any claimant who failed to file a claim in this case in accord with the Orders entered on September 14, 2020 (Document No. 5). The Magistrate Judge RECOMMENDS that the Motion for Entry of Default (Document No. 16) be GRANTED.

This limitation of liability case was filed by Petitioner Intracoastal Tug and Barge Company, LLC seeking to limit its liability to the value of the T/V DMO READY. Notice of this action was provided and published in a general circulation newspaper and a deadline of November 14, 2020, was set for any claimant to file a proof of claim in this proceeding. As of November 14, 2020, David Rutledge and Ascend Performance Materials Texas, Inc. had filed claims (Document Nos. 11 & 12). Based on Petitioner's proof that the Notice of Action was published as required (Document No. 10), and that only David Rutledge and Ascend Performance Materials Texas, Inc. have, as of this date, filed a proof of claim, a default as to any other claimant is warranted. *See* FED. R. CIV. P. 55. Therefore, the Magistrate Judge

RECOMMENDS that Petitioner Intracoastal Tug and Barge Company, LLC's Motion for

Entry of Default (Document No. 16) be GRANTED and that a default be entered against all persons and/or entities claiming any and all damages and/or losses resulting from the alleged incident that occurred on or about March 10, 2020, during the voyage of the towing vessel DMO READY, as set forth in Petitioner's Complaint and Petition for Exoneration from or Limitation of Liability, who have not filed and served their claims and answers in this case, and that said persons and/or entities be forever barred from filing or serving claims in this action.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 24th day of May, 2021.

*[signature]*
Frances H. Stacy
United States Magistrate Judge